IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01672-MEH

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY;
BOARD OF COUNTY COMMISSIONERS OF SAN MIGUEL COUNTY; and
CITY OF BOULDER,

        Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC.;
SUNCOR ENERGY SALES INC.;
SUNCOR ENERGY INC.; and
EXXON MOBIL CORPORATION,

        Defendants.

## MOTION TO VACATE THE JULY 26, 2018 DEADLINE TO SUBMIT A PROPOSED SCHEDULING ORDER

Defendants Suncor Energy (U.S.A.) Inc., Suncor Energy Sales Inc., and Suncor Energy Inc. (collectively, "Suncor") moves to vacate the July 26, 2018 deadline to submit a scheduling order, which deadline was first set by minute order on July 26, 2018. (ECF No. 30.)

### CERTIFICATE OF CONFERRAL

Counsel for Defendants has attempted today to confer regarding the relief requested in this motion with Plaintiffs' counsel, Kevin Hannon. The order from which Suncor seeks relief was first entered at 3:43 p.m. today (according to the time stamp of the ECF email notification) and sets a deadline of today to submit a scheduling order where previously the Court had vacated that deadline. Because of the lateness of the hour, defense counsel was unable to confer with Plaintiffs' counsel before filing this motion, despite their good-faith efforts.

1

**MOTION**

1. On July 20, 2018, the parties filed a joint motion to set a briefing schedule and stay discovery until Plaintiffs' forthcoming remand motion is decided. (ECF No. 23.)

2. On July 24, 2018, the Court granted in part and denied without prejudice in part that motion. (ECF No. 24.)

3. In the July 24 order, the Court vacated the deadline to submit a proposed scheduling order, stating as follows: "the Court construes the parties' request as setting a deadline for filing a proposed scheduling order. Because this issue is contingent on an eventual ruling on the motion to stay, <u>the Court will delay setting a proposed scheduling order deadline until a stay is imposed in this case</u>." (*Id.* at 2 (emphasis added).)

4. As of July 24, no deadline to submit a proposed scheduling order was in place.

5. Today, on July 26, 2018, the Court entered a minute order moving the scheduling conference from August 2 to August 16, 2018. (ECF No. 30.)

6. Today's order also stated that the parties "and any unrepresented non-prisoner parties" must prepare a proposed scheduling order in accordance with Rule 26(f) on or before today, July 26. (*Id.*)

7. The July 26 order does not mention the July 24 order, and those two orders appear to be inconsistent.

8. Accordingly, the undersigned respectfully requests that the Court enter a clarifying order vacating the July 26 deadline to submit a proposed scheduling order because (i) it was set too late for the parties to comply with it and (ii) the July 24 order adopts a reasonable approach that fits the needs of this case, for the reasons given in that order.

## **CONCLUSION**

For these reasons, Suncor requests that the Court vacate the July 26, 2018 deadline to submit a proposed scheduling order.[1]

Dated: July 26, 2018                                    Respectfully submitted,


                                                 *s/ Evan Bennett Stephenson*
                                                 Hugh Q. Gottschalk
                                                 Evan Bennett Stephenson
                                                 Wheeler Trigg O'Donnell LLP
                                                 370 17th Street, Suite 4500
                                                 Denver, Colorado 80202
                                                 303-244-1800
                                                 gottschalk@wtotrial.com
                                                 stephenson@wtotrial.com

                                               Attorneys for Defendants,
                                               Suncor Energy (U.S.A.) Inc.,
                                               Suncor Energy Sales Inc., and
                                               Suncor Energy Inc.

---

[1] Under Local Rule 5.1(d), the Notice of Electronic Filing "generated by CM/ECF constitutes a certificate of service." For that reason, no separate certificate of service is attached here.