# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 18-cv-01672-WJM-SKC

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY;
BOARD OF COUNTY COMMISSIONERS OF SAN MIGUEL COUNTY; and
CITY OF BOULDER,

    Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC.;
SUNCOR ENERGY SALES INC.;
SUNCOR ENERGY INC.; and
EXXON MOBIL CORPORATION,

    Defendants.

# ORDER

    This matter is before the Court on Defendants' Motion for a Stay of the Remand Order Pending Appeal filed September 13, 2019 (ECF No. 75). Defendants seek to stay this Court's Order of September 5, 2019 (ECF No. 69) that granted Plaintiffs' Motion to Remand and ordered that the case be remanded to Boulder County District Court, Colorado. Plaintiffs filed a response to the motion on September 19, 2019 (ECF No. 77), and Defendants filed a Reply on September 23, 2019 (ECF No. 78). For the reasons explained below, Defendants' Motion for a Stay of the Remand Order Pending Appeal is denied.

## I. BACKGROUND

    Plaintiffs filed suit in Boulder County asserting state law claims of public nuisance, private nuisance, trespass, unjust enrichment, violation of the Colorado

Consumer Protection Act, and civil conspiracy. The claims arise from Plaintiffs' contention that they face substantial and rising costs to protect people and property within their jurisdictions from the dangers of climate alteration. Plaintiffs allege that Defendants substantially contributed to climate alteration through selling fossil fuels and promoting their unchecked use while concealing and misrepresenting their dangers. Plaintiffs seek monetary damages from Defendants, requiring them to pay their *pro rata* share of the costs of abating the impacts on climate change they have allegedly caused through their tortious conduct.

Defendants filed a Notice of Removal (ECF No. 1) on June 29, 2018. Plaintiffs filed a Motion to Remand (ECF No. 34) on July 30, 2018.

The Court recognized in its Order granting Plaintiffs' Motion to Remand that Plaintiffs' claims implicate important issues involving climate change caused in part by the burning of fossil fuels. (ECF No. 69 at 55.) It found, however, that Defendants did not meet their burden of showing that federal jurisdiction exists on the six grounds upon which they based their removal: (1) federal question jurisdiction—that Plaintiffs' claims arise under federal common law, and that this action necessarily and unavoidably raises disputed and substantial federal issues that give rise to jurisdiction under *Grable & Sons Metal Products, Inc.* v. *Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); (2) complete preemption; (3) federal enclave jurisdiction; (4) jurisdiction because the allegations arise from action taken at the direction of federal officers; (5) jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b); and (6) jurisdiction under 28 U.S.C. § 1452(a) because the claims are related to bankruptcy proceedings.

Defendants assert that the Court should stay its remand order pending an appeal to the United States Court of Appeals for the Tenth Circuit. They note that courts have disagreed about whether climate change tort claims necessarily arise under federal common law, permitting removal to federal court. They further note that after the filing of the notice of appeal in this case, cases presenting this disputed question are now pending in four federal courts of appeals.

Defendants argue in support of their motion that the conflict of authority on this complex legal question and the state of climate change litigation nationwide justify the entry of a stay of this Court's remand order pending the appeal. Such a stay will protect Defendants' appellate rights while providing the Tenth Circuit with an opportunity to weigh in on issues that other federal courts of appeals are considering. Defendants argue that the lack of a stay, by contrast, will irreparably harm them because they will be subject to duplicative proceedings in federal and state court, and could effectively lose their right to appeal. Finally, Defendants argue that given the nature of Plaintiffs' claims related to climate change and the public interests involved, the balance of harms tilts decidedly in Defendants' favor.

## II. ANALYSIS

### A. The Jurisdictional Grounds Subject to Appellate Review

"Generally speaking, federal courts of appeals may not review district court remand orders." *BP Am., Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1032 (10th Cir. 2010). This is mandated by 28 U.S.C. § 1447(d), which states that "[a]n order remanding a case to the State court from which is was removed is not reviewable on

3

appeal or otherwise." Section 1447(d) "generally prohibits appellate review of remand orders based on a district court's lack of subject matter jurisdiction," as here. *City and Council of Baltimore v. BP P.L.C.* [*"Baltimore"*], 2019 WL 3464667, at *3 (D. Md. July 31, 2019) (citing *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 230 (2007)). Congress's purpose in limiting appellate review of remand orders in § 1447(d) "is to avoid 'prolonged litigation on threshold nonmerits questions.'" *Id*. (quoting *Powerex*, 551 U.S. at 237.) As the *Baltimore* court noted, "[t]his rule is strict; it bars review 'even if the remand order is manifestly, inarguably erroneous,' . . . and even if the 'erroneous remand[ ] has undesirable consequences' for federal interests." *Id*. (quoting *Powerex Corp.*, 551 U.S. at 237; *In Re Norfolk S. Ry. Co.*, 756 F.3d 282, 287 (4th Cir. 2014)).

Based on the foregoing, appellate review would be foreclosed as to almost every basis under which Defendants relied in their Notice of Removal based on the Court's finding of lack of subject matter jurisdiction. Section 1447(d) does, however, contain exceptions to the bar of appellate review for claims brought under 28 U.S.C. §§ 1442 and 1443. Here, since Defendants asserted federal officer jurisdiction under § 1442, an appeal of the remand order is appropriate on that ground. Defendants argue that since an appeal is appropriate as to federal officer jurisdiction, the United States Court of Appeals of the Tenth Circuit may review the entire order and all grounds for removal addressed there. Plaintiffs argue, on the other hand, that the remaining grounds for removal other than federal officer jurisdiction are plainly unreviewable pursuant to § 1447(d).

4

There is a split of authority on that issue, and the Tenth Circuit has not definitively decided the issue. Eight Circuits have found, consistent with Plaintiffs' argument, that appellate jurisdiction is limited to the portion of the remand order tied to an express exception in § 1447(d).[1] *Accord Baltimore*, 2019 WL 3464667, at *4 (noting majority rule in holding that "only the issue of federal officer removal would be subject to review on defendants' appeal of the remand"). The Tenth Circuit also found to this effect in an unpublished decision. *Sanchez v. Onuska*, 1993 WL 307897, at *1 (10th Cir. 1993) ("the portion of the remand order in this case concerning the § 1441(c) removal is not reviewable and must be dismissed for lack of jurisdiction"). Only the Sixth and Seventh Circuits have found that the entire order is reviewable in that instance.[2] This Court finds it likely that the Tenth Circuit will follow the weight of authority and find that the only ground subject to appeal is federal officer jurisdiction under § 1442, consistent with its unpublished opinion in *Sanchez*.

---

[1] *See City of Walker v. Louisiana*, 877 F.3d 563, 567 n.2 (5th Cir. 2017); *Jacks v. Meridian Res. Co., LLC,* 701 F.3d 1224, 1229 (8th Cir. 2012); *Alabama v. Conley,* 245 F.3d 1292, 1293 n.1 (11th Cir. 2001); *State Farm Mutual Auto. Ins. Co. v. Baasch*, 644 F.2d 94, 96, 97 (2d Cir. 1981); *Davis v. Glanton,* 107 F.3d 1044, 1047 (3d Cir. 1997); *Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976); *Appalachian Volunteers, Inc. v. Clark*, 432 F.2d 530, 534 (6th Cir. 1970); *Patel v. Del Taco Inc,* 446 F.3d 996, 998 (9th Cir. 2006).

[2] *See Lu Junhong v. Boeing Co.*, 792 F.3d 805, 813 (7th Cir. 2015); *Mays* v. *City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017). The Sixth Circuit in *Mays* did not, however, acknowledge a previous Sixth Circuit decision in *Appalachian Volunteers, Inc. v. Clark*, 432 F.3d 530, 534 (6th Cir. 1970), that followed the majority rule, and the parties conceded in *Mays* that the entire remand order was reviewable. Another decision cited by Defendants, *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292 (5th Cir. 2017), does not necessarily support their argument. *Decatur* held only that a remand based on a *procedural defect* (timeliness) was reviewable in its entirety where it included a Section 1442 argument. *Id.* at 296. *Decatur* acknowledged that the court "cannot review a remand order (or a portion thereof) expressly based on a Section 1447(c) ground when the basis for removal is a statute that, like Section 1441, Section 1447(d) does not specifically exempt from Section 1447(c)'s bar."

Defendants rely, however, on the Tenth Circuit's decision in *Coffey v. Freeport McMoran Copper & Gold,* 581 F.3d 1240, 1247 (10th Cir. 2009), arguing it "strongly suggests" the Tenth Circuit would review the Court's "entire order" (ECF No. 75 at 6). They also rely on the Supreme Court's decision in decision in *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996). The Court finds these cases unpersuasive.

Unlike *Sanchez,* which turned on the Tenth Circuit's reading of Section 1447(d), *Coffey* analyzed the language in the Class Action Fairness Act ("CAFA"). CAFA provides that "notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand." 581 F.3d at 1247 (quoting 28 U.S.C. § 1453(c)(1)). *Coffey* observed that § 1453(c)(1) contained "no language limiting the court's consideration solely to the CAFA issues in the remand order," and expressly authorized appellate review. *Id*. Here, by contrast, the plain language of Section 1447(d) makes remand orders "not reviewable," with two narrow exceptions.

Further, even though the Tenth Circuit in *Coffey* found it had discretion to review the whole order, it declined to do so, reasoning that since there would have been no appellate jurisdiction over the remand order absent the CAFA issue, review of the non-CAFA issue would "not fit within the reasons behind §1453(c)(2)," *i.e.* to "develop a body of appellate law interpreting [CAFA] without unduly delaying the litigation of class actions." *Id. Accord Parson v. Johnson & Johnson*, 749 F.3d 879, 892-93 (10th Cir. 2014) (declining to exercise discretion to review non-CAFA basis of remand order in part because "absent our jurisdiction over the CAFA remand order, there would have

been no freestanding appellate jurisdiction to review the district court's ruling on diversity jurisdiction"). Thus, *Coffey* suggests the Tenth Circuit would be unlikely to review aspects of a remand order that would otherwise be unreviewable.

In *Yamaha*, the Supreme Court addressed the question whether, in an interlocutory appeal under 28 U.S.C. § 1292(b), a court of appeals could review only the particular question certified by the district court, or could instead address any issue encompassed in the district court's certified order. The Court concluded that a court of appeals may address "any issue fairly included within the certified order," and not only the particular question certified. *Yamaha*, 516 U.S. at 205. It observed that "the text of § 1292(b) indicates" that "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Id*. It is questionable whether this analysis would apply to § 1447(d), as § 1292(b) expressly authorizes appellate review of orders certified by the district court, while § 1447(d) explicitly bars review of any kind, with only two specified, narrow exceptions.

Also, as the Tenth Circuit noted in *Coffey*, *Yamaha*'s holding that appellate jurisdiction extended to the entire order certified for interlocutory appeal (rather than the particular issue certified) was discretionary. *Coffey*, 581 F.3d at 1247 ("the appellate court *may* address any issue fairly included within the certified order") (quoting *Yamaha*, 516 U.S. at 205) (emphasis added). So even if Defendants are correct that *Yamaha* authorizes the Tenth Circuit to review issues beyond the federal officer statute, *Yamaha* does not require such consideration. And *Coffey* suggests that the Tenth Circuit is unlikely to go beyond review of the issue that gives it jurisdiction. That suggestion

7

seems particularly apt in this case given the fact that there are so many substantive arguments for jurisdiction which would need to be addressed. Unlike the situation in *Junhong*, where 'the marginal delay from adding an extra issue to case where the time for briefing, argument, and decision has already been accepted" would be small, 792 F.3d at 813, the time needed to address the numerous additional jurisdictional issues presented in this case would be significant.

B.  **Whether a Stay of the Remand Order is Appropriate**

The power to grant a stay pending review of an appeal has been described as "part of a court's 'traditional equipment for the administrative of justice.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citation omitted). It is "'firmly imbedded in our judicial system,' . . . and 'a power as old as the judicial system.'" *Id.* (citation omitted). Similarly, the power to "hold an order in abeyance" is "inherent", and allows a court "to act responsibly." *Id*. at 426–27.

On the other hand, a court "may not resolve a conflict between considered review and effective relief by reflexively holding a final order in abeyance pending review." *Nken*, 556 U.S. at 427. "A stay is an 'intrusion into the ordinary processes of administrative and judicial review' . . . and accordingly 'is not a matter of right, even if irreparable injury might otherwise result. . . .'" *Id*. (internal and external citations omitted). "The parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of orders. . . ." *Id*.

A stay is ultimately "'an exercise of judicial discretion,' and '[t]he propriety of its

issue is dependent upon the circumstances of the particular case.'" *Nken*, 556 U.S. at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*.

A court must consider four factors in determining whether a stay is warranted under the standard test: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicable will be irreparably injured absent a stay; (3) whether issuance of the say will substantially injure the other parties interested in the proceeding; and (4) where the public risk lies.'" *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. at 770 (1987)). The Supreme Court noted in *Nken* that there is substantial overlap between these and the factors governing preliminary injunctions "because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Id*.; *see also Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015).

The first two factors are the most critical. *Nken*, 556 U.S. at 434. Defendants argue that "[i]n cases where the appealing party demonstrates that 'the three 'harm' factors tip decidedly in its factor,' it need only show that the appeal will raise issues 'so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" (ECF No. 75 at 3 (quoting *F.T.C. v. Mainstream Mktg. Servs., Inc.* ("*Mainstream II*"), 345 F.3d 850, 852 (10th Cir. 2003) (internal quotation marks omitted)).) The Tenth Circuit has recently clarified in

9

connection with the appeal of a preliminary injunction that "any modified test which relaxes one of the prongs" and "thus deviates from the standard test is impermissible." *Diné Citizens Against Ruining Our Env't v. Jewell,* 839 F.3d 1276, 1282 (10th Cir. 2016). This holding has been interpreted to also apply to a stay pending an appeal, given the substantially same standards governing grants of preliminary injunctions and stays pending appeal. *Grogan v. Renfrow*, 2019 WL 2764404, at *4 (N.D. Okla. July 2, 2019); *Pueblo of Pojoaque v. New Mexico*, 233 F. Supp. 3d 1021, 1113–15 (D.N.M. 2017).

    1.    <u>Likelihood of Success on the Merits</u>

The Court turns to the first factor—whether Defendants have made a strong showing of likelihood of success on the merits. To satisfy this standard it is "not enough that the chance of success on the merits be "'better than negligible.'" *Nken*, 556 U.S. at 434 (citation omitted). The Court finds that Defendants have not made such a showing as to federal officer jurisdiction under 28 U.S.C. § 1442.

While Defendants argue that this case raises "complex and novel questions regarding jurisdiction" that have "divided multiple district courts" (ECF No. 75 at 7), this is not true as to the issue of federal officer removal jurisdiction. Defendants have cited no case that has accepted this argument in the context of climate change claims against companies, such as Defendants, that market and sell fossil fuels. Moreover, in the cases cited by Defendants, federal control was obvious for substantial periods of time, and the defendants in those cases established the necessary causal nexus between a significant period of federal control and the claims that is wholly absent here. The cases demonstrate the high degree of federal control needed to provide jurisdiction

under this statute.  *See, e.g., Fina Oil & Chem. Co.,* 995 F. Supp. 705, 712 (E.D. Tex. 1998); *Lalonde v. Delta Field Erection*, 1998 U.S. Dist. LEXIS 23946, at *29-30, 20 (M.D. La. Aug. 5, 1998).  Defendants' essentially "attempt to re-hash the same argument(s)" as to why they believe they have a substantial basis for federal officer jurisdiction, which "does not demonstrate a likelihood of success on appeal." *Mainstream Mktg. Servs., Inc. v. F.T.C.* ("*Mainstream I*"), 284 F. Supp. 2d 1266, 1275 (D. Colo. 2003).

It is a closer question as to whether Defendants have demonstrated a likelihood of success if the Tenth Circuit were to review the other bases for federal jurisdiction, particularly in regard to the issue of whether Plaintiffs' claims arise under federal common law.  This is the one jurisdictional ground that federal district courts are divided on, with two courts finding that jurisdiction exists on this basis and three courts finding that jurisdiction does not.  *Compare California* v. *BP p.l.c.* ("*CA I*"), 2018 WL 1064293 (N.D. Cal. Feb. 27, 2018); *City of Oakland v. BP p.l.c. ("CA II*), 325 F. Supp. 3d 1017 (N.D. Cal. June 25, 2018); *and City of New York v. BP p.l.c.*, 325 F. Supp. 3d 466 (S.D.N.Y. July 19, 2018); *with State of Rhode Island v. Chevron Corp.*, 2019 WL 3282007 (D. R.I. July 22, 2019); *Mayor and City Council of Baltimore v. BP P.L.C.* ("*Baltimore*"), 2019 WL 2436848 (D. Md. June 10, 2019), *appeal docketed*, No. 19-1644 (4th Cir. June 18, 2019); *and Cnty. of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d 934 (N.D. Cal. 2018), *appeal docketed*, No. 18-15499 (9th Cir. May 27, 2018).

Given this split of authority, Defendants may have shown that this issue is so "'serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and

11

deserving of more deliberate investigation.'" *Mainstream II*, 345 F.3d at 852. However, the Court finds that Defendants have not shown a strong likelihood of success on the merits on this issue, which is the applicable test. *Nken*, 556 U.S. at 434. The United States District Court for the Northern District of California that decided *CA I* and *CA II* (and which the *City of Oakland* court relied on) cited *American Electric Power Co., Inc. v. Connecticut,* 564 U.S. 410 (2011), and *Kivalina v. Exxon Mobil Corp.,* 696 F.3d 849 (9th Cir. 2012), in support of its finding of federal question jurisdiction. However, the plaintiffs in those cases expressly invoked federal claims, unlike this case which involves only state law claims asserted in state court, and those cases appear to be inapplicable. Moreover, as noted in this Court's Order of Remand, *CA I*, *CA II*, and *City of Oakland* did not address the well pleaded complaint rule, under which this Court found that federal jurisdiction did not exist. Defendants have not made any new argument that suggests they have a strong likelihood of success on the merits on this issue. Defendants also do not make any meaningful showing that there is federal question jurisdiction under *Grable,* or on any of the other grounds upon which they assert federal jurisdiction, and no cases have found jurisdiction under such arguments.

    2.    <u>Irreparable Injury</u>

"To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). "Irreparable harm is not harm that is merely 'serious or substantial.'" *Id*. (citation omitted). "[S]imply showing some 'possibility of irreparable injury'" also fails to show irreparable injury. *Nken*, 556 U.S. at 434–35 (citation omitted).

The Court finds that Defendants have failed to establish this element. Defendants first argue that they will suffer irreparable harm if a stay is not granted because they will be forced to litigate this same case before the Tenth Circuit and in Colorado state court, and could face burdensome discovery in state court. The Court rejects this argument. The Supreme Court has made clear that "injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough" to show irreparable harm. *Sampson v. Murray,* 415 U.S. 61, 90 (1974); *see also Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury"); *Washington v. Monsanto Co.*, 2018 U.S. Dist. LEXIS 48501 (W.D. Wash. Mar. 23, 2018) (finding in a similar case where a private corporation was arguing removability under the federal officer statute that there was no irreparable injury even though "Defendants will incur some additional costs of pursuing an appeal without a stay").

Defendants also argue that state court proceedings could be potentially duplicative, mooted or otherwise wasteful if the Tenth Circuit rules in their favor. Similarly, they assert that the appeal could become moot if the state court enters judgment before the appeal is resolved, meaning that they would lose their appeal rights. Again, these arguments are "simply too speculative to rise to the level of 'irreparable injury.'" *Phoenix Glob. Ventures, Inc. v. Phoenix Hotel Assocs*., Ltd., 2004 WL 24079, at *8 (S.D.N.Y. Nov. 23, 2004) (quoting *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995)); *see also Baltimore*, 2019 WL 3464667, at *5; *Hall v. Dixon,* 2011 WL

767173, at *8-9 (S.D. Tex. Feb. 25, 2011).

Similarly, Defendants' argument that discovery could be unduly burdensome in state court is speculative. Moreover, Defendants would be subject to similar discovery if they were proceeding in federal court, and "the interim proceedings in state court may well advance the resolution of the case in federal court." *Baltimore*, 2019 WL 3464667, at *6; *see also Cesca Therapeutics, Inc. v. SynGen Inc.,* 2017 WL 1174062, at *4–5 (E.D. Cal. Mar. 30, 2017) (finding that an argument as to "the loss of financial resources and time spent on discovery during the pendency" of the appeal "is not convincing", and noting that where, as here, a case is "in its earliest stages," "the risk of harm" to Defendants "if discovery proceeds is low").

Nor would state court rulings present "issues of comity." (*See* ECF No. 75 at 9.) It is not unusual for cases to be removed after substantial state litigation. 28 U.S.C. § 1450 recognizes this, and provides that "[a]ll injunctions, orders and other proceedings" in state court prior to removal remain in force unless "dissolved or modified" by the district court.

Finally, Defendants argue irreparable injury because "it is not entirely clear 'how procedurally, [this case] would make [its] way from state court back to federal court and whether [its] doing so would offend the Anti-[I]njunction Act, 28 U.S.C. § 2283, or the notions of comity underpinning it.'" (ECF No. 75 at 10 (quoting *Barlow v. Colgate Palmolive Co*, 772 F.3d 1001, 1014 n. 2 (4th Cir. 2014) (Wynn J., concurring in part and dissenting in part)).) This argument is rejected. Justice Wynn's partial concurring opinion made no finding that returning from the state court to federal court would actually offend the Anti-Injunction Act or the notions of comity; he only noted that the

14

majority opinion had not addressed the issue or the procedure for how the case would make its way back to state court. *Barlow*, 772 F.3d at 1014. It is this Court's view that federal courts are fully capable of ensuring that the proceeding in state court returns to federal court if a remand order is vacated, including by enjoining state proceedings if the state court failed to give effect to the decision reversing remand. *See Bryan v. BellSouth Communcs., Inc.,* 492 F.3d 231, 240 (4th Cir. 2007); *In re Meyerland Co.,* 910 F.2d 1257, 1263 (5th Cir. 1990).[3]

        3.      <u>Whether Plaintiffs Would Be Substantially Injured if a Stay is Entered and the Public Risk</u>

The last two factors merge and are considered together when the party opposing a stay is a governmental body, as here. *See Nken*, 556 U.S. at 435. Defendants argue that a stay will not permanently deprive Plaintiffs of access to state court, it will only delay the vindication of their claim. They also argue that the Complaint demonstrates the lack of harm, as a substantial portion of the damages Plaintiffs seek stems from purported costs that they have not yet incurred and may not incur for decades. Defendants assert that this does not counsel against a stay. Defendants also assert that Plaintiffs "'would actually be served by granting a stay,' because they would not 'incur additional expenses from simultaneous litigation before a definitive ruling on appeal is issued.'" (ECF No. 75 at 11 (quoting *Raskas v. Johnson & Johnson*, 2013 WL

---

[3] The Tenth Circuit's decision in *Chandler v. O'Bryan,* 445 F.2d 1045 (10th Cir. 1971), cited by Defendants, does not say otherwise. It held only that the Tenth Circuit could not enjoin a case that had been remanded to state court in a prior federal proceeding. *Id*. at 1057–58. Similarly, the First Circuit's decision in *FDIC* v. *Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979), is inapposite, as it held only that a district court cannot enjoin a state court proceeding once it has remanded the case to state court as it lacks jurisdiction.

1818133, at *2 (E.D. Mo. Apr. 29, 2013)).)

The Court disagrees, finding that the last two factors also weigh against a stay. As the District of Maryland found in the *Baltimore* case, "[t]his case is in its earliest stages and a stay pending appeal would further delay litigation on the merits" of the claims. 2019 WL 3464667, at *6. Plaintiffs' claims in this case were filed over a year ago. The Court agrees with *Baltimore*'s finding that "[t]his favors denial of a stay, particularly given the seriousness of the [Plaintiffs'] allegations and the amount of damages at stake." *Id*. Moreover, the public interest is furthered by the timely conclusion of legal disputes, *Desktop Images v. Ames,* 930 F. Supp. 1450, 1452 (D. Colo. 1996), and not by the interference with state court proceedings, *Maui Land & Pineapple Co. v. Occidental Chem. Corp.,* 24 F. Supp. 2d 1083, 1087 (D. Haw. 1998).

### III. CONCLUSION

Based on the foregoing, Defendant's request for a stay of the remand order is denied. Defendants have not shown a likelihood of success or irreparable injury, or that the other factors weigh in favor of a stay. Accordingly, the Court ORDERS as follows:

1. Defendant's Motion for Stay of Remand Pending Appeal filed September 13, 2019 (ECF No. 75) is DENIED; and

2. The Clerk shall REMAND this case to Boulder County District Court, and shall terminate this action.

Dated this 7th day of October, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge